UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Detyens Shipyards, Inc.,<br><br>Plaintiff,<br><br>versus<br><br>M/V VICTORY I, her hull, tackle, fixtures, equipment, engine(s), furniture, freights, apparel, and appurtenances, including slot machines, gaming equipment, and other casino machines, *in rem*, and Sophlex Enterprises, Inc., d/b/a Victory Casino Cruises, *in personam,*<br><br>Defendants, | Civil Action No. 2:26-cv-04893-DCN<br><br>**PLAINTIFF DETYENS SHIPYARDS, INC.'S VERIFIED COMPLAINT** |

COMES NOW, Plaintiff Detyens Shipyard, Inc. (hereinafter "Plaintiff" or "Detyens"), in the above captioned case, in complaining of M/V VICTORY I and Sophlex Enterprises, Inc., (collectively "Defendants") and shows this Honorable Court as follows:

1. This is a maritime claim for non-payment of necessaries, ship repairs, and layberthing provided to the M/V VICTORY I, (hereinafter "Defendant vessel"), and for the benefit of Defendants, and is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Plaintiff invokes the original admiralty jurisdiction of this Honorable Court pursuant to Provisions 28 U.S.C. §1333.

2. This action involves an *in rem* claim against the Defendant vessel, which vessel is now within the district of South Carolina and within the jurisdiction of this Honorable Court.

3. This action also involves an *in personam* claim against Sophlex Enterprises, Inc., (hereinafter "Sophlex") which, upon information and belief, is organized and has its principal place of business in Cape Canaveral, Florida.

4. This case is governed by the General Maritime Law of the United States, the law supplemental thereto, and amendatory thereof, and the statute commonly known as the Maritime Lien Act 46 U.S.C. §31341 et seq. (2012).

5. The M/V VICTORY I is a "gambling cruise" where passengers have access to various methods of gambling such as slot machines, roulette, craps, bingo, blackjack, baccarat, and sportsbook betting.

6. The M/V VICTORY I's commercial purpose is to allow passengers to gamble while the Defendant vessel is at sea. The slot machines, gaming equipment, and other casino machines are integral to the commercial operations of the M/V VICTORY I and are the overwhelming reasons why passengers board the M/V VICTORY I.

7. The M/V VICTORY I's slot machines, gaming equipment, and other casino machines are not separate and distinct from the Defendant vessel itself, but are rather necessary and connected to the Defendant vessel's operations.

8. The M/V VICTORY I's slot machines, gaming equipment, and other casino machines constitute equipment and/or appurtenances for the purposes of the Federal Maritime Lien Act.

**FOR A FIRST CAUSE OF ACTION**
**(Enforcement of a Maritime Lien)**

9. Plaintiff is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina.

10. Upon information and belief, Sophlex was at all materials times, the owner, disponent owner, owner *pro hac vice*, and/or charterer of the Defendant vessel M/V VICTORY I.

11. Beginning on or about September 7, 2026, Plaintiff provided layberthing, storage, ship repairs and other necessaries to the Defendant vessel of the reasonable value of $940,666.00

at the request of and for the benefit of the Defendants, as more fully described on the Statement of Account and Customer Invoices (Exhibit A) and Repair Contract (Exhibit B).

12. Defendants have an outstanding balance of $790,666.00 and continue to incur additional costs for the provision of said repairs and necessaries despite repeated requests for payment by Plaintiff.

13. Defendants' said refusals to pay have proximately caused an economic loss to the Plaintiff in the amount of $790,666.00, plus *in custodia legis* expenses, prejudgment interest, and the costs of this action.

14. Defendants continue to incur additional costs for the provision of necessaries, thereby causing further economic loss to the Plaintiff.

15. Upon the Plaintiff's provision of said layberthing, storage, ship repairs and other necessaries to the Defendant vessel, a valid maritime lien arose against the Defendant vessel for $790,666.00, with prejudgment interest.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

16. The Plaintiff realleges and reiterates the above paragraphs as if fully set forth herein verbatim.

17. Sophlex contracted with Plaintiff for layberthing, storage, ship repairs, and other necessaries for the Defendant vessel M/V VICTORY I, as evidenced by the Defendant vessel's arrival at the Plaintiff's facility and Exhibits A and B.

18. The Plaintiff fully and properly performed its duties under its contract with Sophlex.

19. Sophlex has failed to tender full payment for the aforementioned necessaries and ship repairs despite repeated requests by the Plaintiff for payment.

20. Sophlex has breached its contract with the Plaintiff in its refusal to tender full payment to the Plaintiff for the necessaries and ship repairs rendered at its request to the Defendant vessel.

21. Sophlex's breach of contract has proximately caused an economic loss to the Plaintiff in the amount of $790,666.00, plus prejudgment interest, *in custodia legis*, and the cost of this action.

22. Sophlex continues to incur additional costs for the provision of necessaries, thereby causing further economic loss to the Plaintiff.

**FOR A THIRD CAUSE OF ACTION**
**(Unjust Enrichment)**

23. Plaintiff realleges and reiterates the above paragraphs as if fully set forth herein verbatim.

24. The Plaintiff provided layberthing, storage, ship repairs and other necessaries for the Defendant vessel M/V VICTORY I.

25. The Plaintiff's provision of such necessaries and ship repairs was a non-gratuitous benefit to the Defendants.

26. The Defendants have realized the actual value of the services provided in the amount of $790,666.00, plus additional costs which continue to accrue.

27. For the Defendants to retain such benefit without paying the Plaintiff for its value would be inequitable.

WHEREFORE, by reason of the foregoing, the Plaintiff prays that a Summons be issued citing the Defendants to appear and to Answer the aforesaid matters, the process and due form of law according to the practice of this Court in cases of Admiralty and Maritime Jurisdiction be issued against the Defendant vessel, her hull, tackle, fixtures, equipment, engine(s), furniture,

freights, apparel, appurtenances, including slot machines, gaming equipment, and other casino machines, etc., that the Defendant vessel be arrested pursuant to Supplemental Admiralty Rule C, that judgment be rendered for the Plaintiff against the Defendants, that the Plaintiff be fully compensated and awarded compensatory and general damages, in the true and absolute sum of not less than $790,666.00 together with costs, prejudgment interest, all *in custodia legis* expenses, attorney's fees, that the vessel's appurtenances and/or equipment be included in any judicial sale of the vessel, and with any other such amount as may be proved herein or that justice may require.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630

*s/ James B. Hood*
James B. Hood (9130)
james.hood@hoodlaw.com
Bobby Sankey (14849)
bobby.sankey@hoodlaw.com

*Attorneys for the Plaintiff*
*Detyens Shipyards, Inc.*

October 15, 2026
Charleston, South Carolina