UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Detyens Shipyards, Inc., *Plaintiff*, versus M/V VICTORY I, her hull, tackle, fixtures, equipment, engine(s), furniture, freights, apparel, and appurtenances, including slot machines, gaming equipment, and other casino machines, *in rem*, and Sophlex Enterprises, Inc., d/b/a Victory Casino Cruises, *in personam,* *Defendants*, | Civil Action No. 2:26-cv-04893-DCN<br><br>**PLAINTIFF DETYENS SHIPYARDS, INC.'S ANSWERS TO RULE 26.01 INTERROGATORIES** |

TO: THE DEFENDANTS

Pursuant to Rule 26.01 of the Local Civil Rules for the United States District Court, District of South Carolina, the Plaintiff, Detyens Shipyards, Inc. ("the Plaintiff"), by its undersigned attorneys, makes the following answers to Court ordered Interrogatories:

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER: No potential subrogation claims are known to the Plaintiff.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER: This case should tried nonjury. The Plaintiff alleges that this action arises under the exclusive admiralty jurisdiction of this Court. This claim is within FRCP 9(h) and under the Supplemental Rule C for Certain Admiralty and Maritime Claims. Therefore, this action should be tried nonjury.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER: The Plaintiff is not a publicly owned company. (1) None; (2) None; (3) None.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER: This claim has been asserted in this division because the services provided to the Defendant vessel were provided in Charleston County, South Carolina, and the Defendant vessel is presently located within Charleston County, South Carolina which is in this division.**

(E) Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which *maybe* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER: No.**

(F) If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: Not Applicable.**

(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER: Not Applicable.**

(H) [Parties or Intervenors in a Diversity Case.] In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER: Plaintiff Detyens Shipyards, Inc., is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Charleston County, South Carolina.**

**The Plaintiff specifically reserves the right to supplement and/or change its Answers to these Interrogatories as discovery progresses in this case.**

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630

*s/ James B. Hood*
James B. Hood (9130)
james.hood@hoodlaw.com
Bobby Sankey (14849)
bobby.sankey@hoodlaw.com

*Attorneys for the Plaintiff*
*Detyens Shipyards, Inc.*

October 15, 2026
Charleston, South Carolina