UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Detyens Shipyards, Inc.,<br><br>Plaintiff,<br><br>versus<br><br>M/V VICTORY I, her hull, tackle, fixtures, equipment, engine(s), furniture, freights, apparel, and appurtenances, including slot machines, gaming equipment, and other casino machines, *in rem*, and Sophlex Enterprises, Inc., d/b/a Victory Casino Cruises, *in personam,*<br><br>Defendants, | Civil Action No. 2:26-cv-4893 DCN<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN** |

Plaintiff in the above captioned case has filed its Complaint and moved for issuance of a Warrant for Arrest *In Rem* of the Defendant vessel, and having considered Plaintiff's Motion and the Affidavit of Substitute Custodian;

IT IS HEREBY ORDERED, that James D. Lucas, Jr., is hereby appointed Substitute Custodian for the M/V VICTORY I, her hull, tackle, fixtures, equipment, engine(s), furniture, freights, and apparel; and

IT IS FURTHER ORDERED that Substitute Custodian promptly accept custody of the Defendant vessel and her documentation and port clearance papers, if any, from the United States Marshal after seizure of said vessel; and

IT IS FURTHER ORDERED that the Substitute Custodian provide all reasonable and necessary care, storage and maintenance of said vessel during the pendency of this action, including, but not limited to inspections of moorings and bilges, and pumping as necessary; and

IT IS FURTHER ORDERED, that, from the transfer of the custody to the Substitute Custodian until further order of this Court, the Substitute Custodian shall have full responsibility for custody of said vessel and shall have full authority to maintain, protect, and care for said vessel, including but not limited to the authority to operate machinery and equipment, whether aboard or ashore, to eject the master, crew or others from the vessel, to employ a locksmith for entry, to order changes in the loading or discharge of cargo, to order shifting of the vessel to any berth, anchorage, or other storage location within the District of South Carolina, to order supplies or other necessaries for the vessel (including procurement of wharfage), and to seek assistance of law enforcement authorities in carrying out its duties hereunder, including, but not limited to the United States Coast Guard; and

IT IS FURTHER ORDERED, that the master, ranking officer, or other person in commence or possession of the Defendant vessel shall immediately surrender the official documents of said vessel to the United States Marshal at the time of service of this Order and that said documents be turned over to this Court's Substitute Custodian, who shall be responsible for the same; and

IT IS FURTHER ORDERED, that the Substitute Custodian's fees for said services during such custody shall be $1000 for activities necessary to affect the initial arrest of the vessel, $1000 per day after the initial arrest until the fifteenth day, and $750 per day from day fifteen until discharged. The Substitute Custodian shall also receive travel expenses and the cost of insurance premiums and all additional reasonable expenses directly related to the custody, including transportation to a safe slip (including pilotage and tug assistance), launch service, locksmith charges, and other reasonable expenses directly related to said custody, all of which is to be itemized and compensated accordingly. The above fees and expenses shall be deemed *in custodia*

*legis* costs; the Plaintiff shall be subrogated to the Substitute Custodian's claims for fees, costs, and insurance, and shall be entitled to claim the same after payment to Substitute Custodian and upon sale or release of the vessel on termination of the litigation; and

IT IS FURTHER ORDERED that during the Substitute Custodian's custody of said vessel, the Plaintiff shall maintain for the benefit of the Substitute Custodian and the United States Marshal Service, the following insurance coverages: legal liability, port risks, hull and machinery, including P&I in the amount of $1,000,000.00 issued to the regular insurance agent used by the United States Marshal Service; and such expenses shall be deemed expenses *in custodia legis*.

IT IS FURTHER ORDERED that the Substitute Custodian indemnify, defend, and hold the United States Marshal, his deputies and/or representatives harmless with respect to any liability for damage to the said vessel or damage from the said vessel during the Substitute Custodian's custody of said vessel; and

IT IS SO ORDERED!

David C. Norton
United States District Judge

October 19, 2026
Charleston, South Carolina